RIVKIN RADLER LLP
Gregory D. Miller
gregory.miller@rivkin.com
Michael J. Jones
michael.jones@rivkin.com
Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey 07601
P: (201) 287-2460
F: (201) 489-0495

-and-

477 Madison Avenue
New York, New York 10022
P: (212) 455-9555
F: (212) 687-9044

*Attorneys for Plaintiffs Guy-Michel Philogene and*
*Guy-Michel Philogene, a member of Verity*
*Associates, LLC, derivatively on behalf and in*
*the right of Verity Associates LLC*

THE JEAN LAW FIRM
Sidney R. Jean
Sidney.jean@jeanlawfirm.com
4 Marshall Road, Suite 206
Wappingers Falls, New York 12590
P: (845) 202-7033'
F: (888) 287-4017

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUY-MICHEL PHILOGENE and GUY-MICHEL PHILOGENE, a MEMBER of VERITY ASSOCIATES, LLC, derivatively on behalf and in the right of VERITY ASSOCIATES, LLC,<br><br>         Plaintiffs,<br><br>    -against-<br><br>RONALD G. DUCKETT a/k/a RON DOUGLAS, RON DUCKETT, LLC, ABC COMPANIES (1-10), MARK BROWN, IDEAL TAX SOLUTIONS, LLC, ERIC WEINSTEIN, and SIMON & SCHUSTER, INC.,<br><br>         Defendants. | Civil Action No.:<br><br><br>        **COMPLAINT** |

Plaintiffs Guy-Michel Philogene and Guy-Michel Philogene, a Member of Verity Associates, LLC, derivatively on behalf and in the right of Verity Associates, LLC, by and through their attorneys, Rivkin Radler LLP, for their Complaint against defendants, Ronald G. Duckett a/k/a Ron Douglas, Ron Duckett, LLC, ABC Companies (1-10), Mark Brown, Ideal Tax Solutions, LLC, Eric Weinstein, and Simon & Schuster, Inc., hereby allege as follows:

## NATURE OF THE ACTION

1.      This action arises out of a prolonged course of fraudulent and other wrongful conduct directed against Plaintiffs, including but not limited to, willful violations of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), unfair competition under the Lanham Act, copyright infringement under the U.S. Copyright Act, and includes a course of conduct constituting common law trademark infringement, misappropriation of trade secrets under New York law, common law unfair competition, conversion, breach of contract, breach of fiduciary duty, deceptive acts and practices under N.Y. GBL § 349-350, unjust enrichment, tortious interference with contracts and tortious interference with prospective business relations.

2.      Ronald G. Duckett a/k/a Ron Douglas is the mastermind of a scheme to impugn and destroy plaintiffs Guy-Michel Philogene and Verity Associates, LLC, the latter of which is a company Duckett and Philogene organized together. The two individuals formed Verity Associates, LLC for the purpose of selling products through interstate commerce, including a series of recipe books under the common law trademark, AMERICA'S MOST WANTED RECIPES, which books Ronald G. Duckett authored for Verity Associates, LLC. To allay any potential question about copyright ownership, Ronald G. Duckett formally assigned in writing any potential copyrights he may have had in the works to Verity Associates, LLC.

2

3.      Duckett and his related companies, including but not limited to, Ron Duckett LLC and the unknown entities, ABC Companies (1-10), elicited the aid of defendants, Mark Brown, Ideal Tax Solutions, LLC, and Eric Weinstein, to perpetrate a fraud upon Plaintiffs in violation of RICO and converted the assets, intangible and otherwise, of Verity Associates, LLC, and formed a competing company or companies to sell derivative works of Verity Associates, LLC's copyrighted work without authorization from Plaintiffs.   Ronald G. Duckett and his related companies, including but not limited to, Ron Duckett LLC and the unknown entities, ABC Companies (1-10) also elicited the aid of defendant, Simon & Schuster, Inc. to infringe the copyright of Verity Associates, LLC and the common law trademark rights in the book title.

4.      Simon & Schuster, Inc., which had entered into a contractual relationship with Verity Associates, LLC to publish several books in the series, including the first book, knew or should have known that the copyright and trademark rights to the works are owned by Verity Associates, LLC, and not Ronald G. Duckett or any of his related companies, including but not limited to, Ron Duckett LLC and the unknown entities, ABC Companies (1-10). Thus, Simon & Schuster, Inc. wrongfully entered into subsequent publishing contracts for books in the series with Ronald G. Duckett, Ron Duckett LLC and/or ABC Companies (1-10) and knowingly published several infringing works.

## PARTIES

5.      Plaintiff, Verity Associates, LLC ("Verity") is a New York Limited Liability Company with its registered place of business designated as P.O. Box 956, Glen Cove, New York.

6.      Verity is headquartered within the State of New York.

7.     Plaintiff, Guy-Michel Philogene ("Philogene") is a resident of the State of New York.

8.     Philogene is a member of Verity and owns 50% of all issued and outstanding membership interests of Verity.

9.     Defendant Ronald G. Duckett a/k/a Ron Douglas ("Duckett") is a resident of the State of New York.

10.     Duckett is a member of Verity and owns 50% of all issued and outstanding membership interests of Verity.

11.     Defendant Ron Duckett, LLC ("Duckett LLC"), is a limited liability company formed under the laws of the State of New York with its registered address designated as P.O. Box 956, Glen Cove, New York.

12.     On information and belief, Duckett is the sole owner of Duckett LLC.

13.     On information and belief, ABC Companies (1-10) were formed under the laws of the State of New York.

14.     On information and belief, ABC Companies are owned in whole or in part by Duckett and Duckett exercises substantial control over ABC Companies.

15.     Defendant Ideal Tax Solutions, LLC ("ITS") was formed under the laws of the State of New York with its registered address designated as 165-11 144th Terrace, Jamaica, New York.

16.     Defendant Mark Brown ("Brown") is a certified public accountant duly licensed under the laws of the State of New York.

17.     On information and belief, defendant Brown owns all or part of defendant ITS and exercises substantial control over defendant ITS.

4

18.     On information and belief, defendant ITS served as Verity's accountant at all relevant times mentioned herein until 2016.

19.     Eric Weinstein ("Weinstein") is a certified public accountant duly licensed under the laws of the State of New York and served as Verity's accountant for the 2016 tax return year.

20.     Defendant Weinstein maintains an office in Dix Hills, New York.

21.     ITS, Brown and Weinstein are sometimes referred to collectively as the "Accountant Defendants."

22.     Simon & Schuster, Inc. ("Simon & Schuster") is a domestic business corporation formed under the laws of the State of New York with a business address at 1230 Avenue of the Americas, New York, New York 10020.

## JURISDICTION AND VENUE

23.     Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the Federal RICO claims, 18 U.S.C. § 1964, *et seq*., the Lanham Act claims, 15 U.S.C. § 1126(a), the Copyright claims, 17 U.S.C. § 101, *et seq*., alleged in this Complaint, and supplemental jurisdiction over state and common law claims under 28 U.S.C. § 1367.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because defendant Simon & Schuster has a business address at 1230 Avenue of the Americas, New York, New York and all other defendants reside in the State of New York.

## FACTS

*Background*

25.     In February 2001, Philogene received his Masters of Business Administration in Computer Information Systems from Baruch College.

5

26.     In mid-2001, given his educational background in information technology and moved by his entrepreneurial spirit, Philogene began developing the idea for an e-commerce business to sell various products online. Philogene realized that e-commerce was still a new mode of selling goods and services to the public whose popularity was increasing exponentially and that this could be an ideal area in which to start a business.

27.     After Philogene further refined his idea over several weeks, he decided to enlist the assistance of his college and graduate school friend, Duckett.

28.     Unlike Philogene, Duckett had no background in information technology or e-commerce, but Duckett did have a background in finance, and Philogene believed he would be competent to assist him in his new endeavor.

29.     Philogene and Duckett went into business together and formed Verity in or about October 2001, with each of them taking an equal 50% share of the membership interests in the LLC.

30.     Verity initially entered the e-commerce market by selling a variety of goods in interstate commerce that included self-help books and other forms of literature in an e-book form with modest success.

31.     Verity's revenue began to dramatically increase when it introduced and marketed recipe books, which contained "secret recipes" that mimicked foods found at popular fast food chains.

32.     As a member of Verity, Duckett authored the company's first such recipe book, *America's Most Wanted Recipes*, as a work-for hire.

33.     To ensure that Verity held all copyright rights in the recipe book and any and all derivative works thereof (hereinafter, the "*America's Most Wanted Books*"), Duckett transferred

6

any and all copyright rights he may have had in the work to Verity by written agreement, and certified as such in the copyright registration application for the work, as shown on the copyright registration record of the U.S. Copyright Office, which registered the work under TX0006985740.  *See* **Exhibit A**, attached hereto.

34.     Verity entered into an agreement with Simon & Schuster, whereby Simon & Schuster was to publish the work.  As part of that agreement, Simon & Schuster became the contact for rights and permissions, as shown on the copyright registration record for the work. *See* **Exhibit A**.

35.     Thus, Simon & Schuster was at all times aware that Verity holds any and all copyright rights in the *America's Most Wanted Books.*

36.     Verity sold these recipe books as both e-books and hardcopies.

37.     Verity also marketed the products of other vendors, which also increased its revenue.

38.     As a result of Verity's success, it had assembled an email database of hundreds of thousands of customers and potential customers throughout the world.

39.     Over time, Verity also developed favorable business relationships with its vendors, obtained favorable pricing arrangements with companies with which it conducted business and developed methods, strategies and other things that were proprietary and confidential trade secrets that contributed to the success of Verity.

40.     Verity also developed other confidential trade secrets and information, including but not limited to customer lists, e-mail address lists, affiliate (individuals and/or companies that assisted Verity in selling its products) e-mail address lists, customer information, customer

7

profiles, particularly regarding which individuals were likely to purchase Verity's products online, and methods of operation for servicing Verity's customers.

*Duckett's Obligations and Covenants Owed to Plaintiffs*

41.     When Philogene and Duckett formed Verity, they entered into an operating agreement for Verity ("Operating Agreement") that was effective in October 2001. A copy of the Operating Agreement is attached hereto as **Exhibit B**.

42.     By entering into the Operating Agreement, Philogene and Duckett each agreed, among other things, "not to own an interest in, manage or work for another business, enterprise or endeavor, if such ownership or activities would compete with this LLC's business goals, mission, profitability or productivity, or would diminish or impair the member's ability to provide maximum effort and performance in accomplishing the business objectives and, if applicable, managing the business of this LLC." *Operating Agreement Section B.9. at page 4.*

43.     The Operating Agreement also provides that: "Any member may inspect any and all records maintained by the LLC upon reasonable notice to the LLC." *Operating Agreement Section G.2. at page 10.*

44.     Duckett has been in sole possession and maintained the books and records of Verity since its inception.

45.     As part of Philogene's responsibility for, among other things, handling calls from customers, he began to notice that Verity was inexplicably experiencing a spike in customers complaining about orders they had placed but not received.

46.     In investigating these customer complaints, Philogene eventually discovered that Duckett LLC, and/or another entity controlled by Duckett, was selling products to Verity's customers that were the same or similar to Verity's products and doing so within the same time

8

period in which the customers had placed an order with Verity. In other words, Duckett was diverting Verity customer orders to a competing entity owned and controlled by Duckett.

47.     The products being sold to Verity's customers by Duckett LLC, or another entity controlled by Duckett, were sold in a fashion that would confuse Verity's customers into thinking that they were being sold by Verity. They were even shipped from the same location and vendor from which Verity's products were shipped.

48.     The problems created by these sales were detrimental to the reputation and goodwill of Verity, which it had invested both time and resources over many years to establish in the eyes of its customers and potential customers.

49.     Duckett and/or Duckett LLC also misappropriated one or more websites that were to be used for the benefit of Verity to further the marketing of Verity's recipe books by retaining the sales generated by the websites for themselves and not Verity.

50.     In fact, Duckett wrongfully registered, converted and used, in violation of his duties and obligations as a member of Verity, and in violation of law, and with respect to his copyright infringement of the *America's Most Wanted Books,* the Internet domain name www.rondouglas.com.

51.     The registration and use of Internet domain names, such as www.rondouglas.com, plainly is being done to violate Verity's copyright ownership in works, including the *America's Most Wanted Books,* and to prevent Verity and Philogene from promoting and distributing and profiting from Verity's *America's Most Wanted Books,* constituting among others, unfair competition under the Lanham Act as well as conversion, breach of fiduciary duties and other violations of New York statutory and common law.

*Verity's Common Law Trademark Rights*

52.     Verity also has been the lawful holder of the common law trademark rights in the mark AMERICA'S MOST WANTED RECIPES since at least 2002, which was marketed t in part through the domain name www.4ltd.com.

53.     AMERICA'S MOST WANTED RECIPES has acquired a significant degree of consumer recognition, and thus, has acquired secondary meaning.

54.     Duckett and/or Duckett LLC and/or the ABC Companies have been and are continuing to infringe Verity's common law trademark rights in AMERICA'S MOST WANTED RECIPES by using in commerce book titles likely to be confused with Verity's distinct common law trademark, such as AMERICA'S MOST WANTED RECIPES KIDS' MENU, AMERICA'S MOST WANTED RECIPES AT THE GRILL, and AMERICA'S MOST WANTED RECIPES WITHOUT THE GUILT.

55.     Simon & Schuster, which published the *America's Most Wanted Books,* including those using the aforementioned infringing common law trademarks without Verity's authorization knew or should have known the marks were likely to be confused with Verity's common law mark, AMERICA'S MOST WANTED RECIPES.

56.     Duckett and/or Duckett LLC also solicited Verity's sole employee, Thomas Grossman, to work for Duckett LLC to compete with Verity and/or to work on projects for Duckett and/or Duckett LLC that were in direct competition with Verity.

57.     Duckett also improperly assumed Philogene's identity on at least two prior occasions when dealing with third parties.

58.     When Philogene confronted Duckett about his misappropriation of Verity's assets, resources and business opportunities, Duckett responded by surreptitiously locking

Philogene out of Verity bank accounts, PayPal accounts and websites by changing the passwords.  Further, Philogene was prevented from accessing all books and records of Verity.

59.     On information and belief, as part of his scheme to lock Philogene out of Verity, Duckett also fraudulently deceived the banking institutions where Verity's accounts were initially held and where Philogene was a signatory to these accounts, in order to withdraw all of the money in the accounts and close the accounts without Philogene's consent, authorization or knowledge.

60.     As a result of Duckett's actions and to protect Verity's interests, Philogene and Verity commenced an action against Duckett only styled, *Guy-Michel Philogene and Guy-Michel Philogene a member of Verity Associates, LLC suing in the right of Verity Associates, LLC v. Ronald G. Duckett,* 005308/09, Nassau County S. Ct. ("Companion Action"). A copy of the complaint is attached hereto as **Exhibit C**.

61.     For a significant period, during the pendency of the Companion Action, Philogene was suffering with cancer.  Philogene was diagnosed with stage four Multiple Myeloma and nearly died from the illness. Part of his treatment involved chemotherapy, a stem cell transplant and a bone marrow transplant without anesthesia.

62.     Philogene's medical costs to treat his cancer were overwhelming and caused a severe financial burden on him and his family.

63.     Duckett knew that Philogene was seriously ill and undergoing treatment, but nevertheless wrongly refused to pay Philogene his share of Verity's profits, while at the same time paying himself his share of Verity's profits.

64.     Duckett also continued to keep Philogene locked out of Verity's bank accounts, PayPal accounts and websites and prevented Philogene's access to Verity's books and records.

65.     By order dated August 9, 2016 ("August 9 Order"), Justice Bucaria denied Duckett's summary judgment motion seeking judicial dissolution of Verity in the Companion Action. A copy of the August 9 Order is attached hereto as **Exhibit D**.

66.     Justice Bucaria's August 9 Order also *sua sponte* dismissed both plaintiffs' complaint and Duckett's counterclaims, relief that was not sought in the pending motion. Consequently, none of the claims raised by the Plaintiffs in the Companion Action were fully heard on the merits via motion, hearing, trial or otherwise.

67.     The effect of the August 9 Order was that the parties were returned to the position that they had been in prior to the commencement of the Companion Action. The Plaintiffs in the instant action filed a Notice of Appeal in the Companion Action. The central issue in the appeal is that the *sua sponte* granting of relief not sought by either party in the pending motions is reversible error.

*Subsequent to the August 9 Order, Duckett Admits Liability*

68.     On August 30, 2016, Duckett sent the following text to Philogene:

> No hard feelings man. The company we started went on to do well I have some money I need to get to you. We also need to decide what happens going forward. When can we put egos aside and handle our business?

A copy of the text message is attached hereto as **Exhibit E**.

69.     Despite this admission by Duckett, to this day, he continues to refuse to pay Philogene his share of Verity's profits.

70.     Duckett also continues to keep Philogene locked out of Verity's bank accounts, PayPal accounts and websites and preventing Philogene access to Verity's books and records.

*Verity "Escrow Account"*

12

71.     In recognition that he owed monies to Philogene, Duckett set up an escrow account with Chase Bank in the name of Duckett LLC in the amount of approximately $500,000 ("Escrow Account").

72.     Duckett admitted that the Escrow Account contained money owed to Philogene.

73.     On information and belief, the Escrow Account was funded by monies Duckett, Duckett LLC and/or the ABC Companies misappropriated from Verity.

*Misappropriation by Duckett and Duckett LLC*

74.     One of Verity's most valuable assets was a contract with Simon & Schuster for the sale and distribution of the "America's Most Wanted" series of cookbooks created for Verity and in which the copyright is owned by Verity.

75.     The contract dated December 3, 2008 between Simon & Schuster, as publisher, and Verity, as Proprietor, was for two books.  The first book was referred to as "America's Most Wanted Recipes ('Book 1')." The second book was referred to as "UNTITLED 2 ('Book 2')", and was later to be titled, "More of America's Most Wanted Recipes." Both books were to be authored by Duckett for Verity, which under copyright law, owned all rights to and in any and all derivative works based on its initial copyrighted work, *America's Most Wanted Recipes*.

76.     Unbeknownst to Philogene, Duckett, Duckett LLC and/or the ABC Companies misappropriated the "America's Most Wanted" cookbook series from Verity, infringing Verity's copyright and common law trademark rights.

77.     Plaintiffs learned that a contract dated July 27, 2010 between Simon & Schuster, as Publisher, and now Duckett LLC, as Proprietor, was for two more "America's Most Wanted Recipes" books, "UNTITLED 3 ('Book 3')", which was later entitled "America's Most Wanted Recipes Without the Guilt," and copyright registered and published in 2011 (see **Exhibit F**), and

13

"UNTITLED 4 ('Book 4')", which was later entitled "America's Most Wanted Recipes Just Desserts."

78.     Duckett unlawfully registered *America's Most Wanted Recipes Without the Guilt* listing Ron Duckett LLC as the copyright claimant, with copyright purportedly transferred to Ron Duckett LLC by Ron Douglas and Ron Duckett LLC by written agreement.  *See* **Exhibit F**.

79.     At no time did Philogene authorize Verity to transfer its copyright ownership interest, and/or common law trademark rights, in the *America's Most Wanted Books* to Ron Duckett LLC, Ron Duckett, or Ron Douglas.

80.     In fact, at no time did Philogene authorize Verity to transfer its copyright ownership interest, and/or common law trademark rights, in the *America's Most Wanted Books* to anyone.

81.     Plaintiffs also learned that a contract dated December 5, 2012 between Simon & Schuster, as Publisher, and <u>again now Duckett LLC</u>, as Proprietor, was for two more books, titled "*America's Most Wanted Recipes At The Grill* ('Book 5')" and "UNTITLED 6 ('Book 6')", which was later entitled "*America's Most Wanted Recipes Kid's Menu*."

82.     *America's Most Wanted Recipes At The Grill* was copyright registered and published in 2014.

83.     Duckett unlawfully registered *America's Most Wanted Recipes At The Grill* listing RonDouglas.com as the copyright claimant, with copyright purportedly transferred to RonDouglas.com by Ron Douglas and RonDouglas.com by written agreement.  *See* **Exhibit G**.

84.     *America's Most Wanted Recipes Kids' Menu* was copyright registered and published in 2015.

14

85.     Duckett unlawfully registered *America's Most Wanted Recipes Kids' Menu* listing Ron Duckett LLC as the copyright claimant, with copyright purportedly transferred to Ron Duckett LLC by Ron Douglas and Ron Duckett LLC by written agreement.  *See* **Exhibit H**.

86.     At some point Simon & Schuster stopped paying Verity and, on belief, started paying Duckett, LLC and/or Duckett individually any and all royalties due for sales of the *America's Most Wanted Books*.

87.     At all times herein mentioned, Duckett was, and is, in complete control and management of Verity as he has blocked Philogene from access to the books, records, websites and bank accounts.

88.     Duckett LLC is a one man LLC owned and controlled by Duckett.

89.     On information and belief, Duckett and or Duckett LLC used some proceeds from the Simon & Schuster contracts to fund the Escrow Account.

90.     The Escrow Account first appeared on Verity's 2016 tax return in the amount of $530,441. A copy of the Form 1065 Supporting Statements for Verity's 2016 Federal Tax Return showing the amount of the Escrow Account is attached hereto as **Exhibit I**.

*Duckett Embezzles the Escrow Account*

91.     On or about April 9, 2017, Duckett and/or Duckett LLC sent a fabricated and sham invoice by U.S. mail in the name of "rondouglas.com" allegedly for 10 years of unpaid compensation ("Sham Invoice"). A copy of the Sham Invoice is attached hereto as **Exhibit J.**

92.     The Sham Invoice claims to be for:

> Unpaid compensation for serving as the sole officer and full time employee of Verity Associates for the past 10 years in accordance with Section B6 of the Verity Associates LLC Operating Agreement which states "Members may be paid for any services rendered in any

15

> other capacity for the LLC, whether as officers, employees,
> independent contractors or otherwise."

93.     The Sham Invoice was billed to Verity and Philogene and states that the "Invoice paid from funds in escrow account."

94.     There was never an agreement that Duckett or Philogene would be paid a salary or any other compensation other than their share of Verity's substantial profits.

95.     Duckett never attempted to obtain Philogene's approval for the payment of the Sham Invoice.

96.     On information and belief, Duckett had Verity pay the Sham Invoice from the Escrow Account.

97.     By paying himself through the vehicle of the Sham Invoice, Duckett effectively embezzled $500,000 from the Escrow Account that contained Philogene's money.

*Tax Scam*

98.     Philogene later learned he had been surreptitiously locked out of Verity, during which time Duckett and his accountants had been preparing and filing Verity's tax returns without any participation from Philogene.

99.     On information and belief, with the advice and assistance of one or all of the Accountant Defendants, Duckett improperly commingled assets and/or monies of Verity with Duckett LLC and/or improperly transferred Verity assets and/or money to Duckett LLC electronically and by other means in order to avoid causing red flags with the U.S. Internal Revenue Service ("IRS").

100.    On information and belief, because Duckett had diverted monies to Duckett LLC that should have been Verity's, Duckett LLC had too much cash on hand and that could have triggered an IRS audit.

101.    With the advice and assistance of one or all of the Accountant Defendants, Duckett sent only enough money from Duckett LLC to Verity to avoid triggering an IRS audit.

102.    Duckett LLC still kept monies to which Verity was rightfully entitled.

103.    As part of the financial improprieties orchestrated by Duckett and one or more of the Accountant Defendants, non-existent income has been reported to the IRS for Philogene.

104.    From 2014 to 2016, Duckett and one or more of the Accountant Defendants have caused Verity to falsely report income in the amount of $154,547 for Philogene.

105.    As a result, the IRS has targeted Philogene and questioned the "missing income" from his personal tax returns.

106.    After surreptitiously being shut out of the company and without any prior notice, in or about late August or early September of 2016, Philogene simultaneously received Verity's tax returns for both 2015 and 2014.

107.    The Schedule K-1 for 2014 indicates that Philogene received $74,434 in income from Verity and $21,206 in distributions from Verity. The Schedule K-1 for 2015 indicates that Philogene received $61,631 in income from Verity. The information set forth on these K-1 forms, which was provided to the IRS, is false and deceptive. Philogene never received any distribution from Verity in 2014 or 2015.  Copies of Philogene's Schedule K-1 forms for 2014 and 2015 are attached hereto as **Exhibit K** and **Exhibit L**, respectively.

108.    Again without any prior notice, Philogene received Verity's tax return for 2016 in or about February/March 2017. The K-1 showed Philogene received $18,482 in income. Like the

17

K-1s for 2014 and 2015, this information was deceptive. Philogene has not received any of this income. A copy of Philogene's Schedule K-1 for 2016 is attached hereto as **Exhibit M**.

109.   Additionally, the 2016 K-1 showed that Philogene had $523,916 in his capital account. Philogene has not been given any access to any of the money in his capital account.

110.   In addition to refusing to pay Philogene his share of the profits, Duckett has not allowed Philogene to access the $523,916 in his capital account.

111.   Given Duckett's wrongful conduct to date, it is unclear if the money is still in Philogene's capital account.

112.   In short, Duckett has been able to use Philogene's money for his own purposes by deceiving the IRS with documents containing false statements.

*Duckett Continues to Deplete Verity's Assets and Misappropriate Verity's Business*

113.   Having been denied a judicial Order of Dissolution of Verity, Duckett is seeking to effectuate a *de facto* dissolution by diverting and depleting Verity's assets and business opportunities.

114.   On October 27, 2015, Duckett sent the text below to Philogene.

> Your case is a waste of my time. I see we're never going to settle, so I'm selling everything and spending all the money I was holding. I worked for it and earned it, you did not. Any judge will see that and you will get nothing.

A copy of the text message is attached hereto as **Exhibit N**.

115.   After failing to obtain an Order of Dissolution for Verity, Duckett began effectuating his threats extra judicially.

116.    Verity's tax return for 2016 shows a steep decrease in profits that had never occurred before. A copy of the first page of Verity's tax return for 2016 is attached hereto as **Exhibit O**.

117.    Verity's tax return for 2016 also includes approximately $80,000 in questionable expenses. A copy of the Form 1065 Supporting Statements for Verity's 2016 Federal Tax Return showing the questionable expenses is attached hereto as **Exhibit I**.

118.    On information and belief, Duckett is wasting and depleting Verity's assets for the benefit of Duckett, Duckett LLC and/or the ABC Companies.

119.    On information and belief, with the assistance of one or more of the Accountant Defendants, Duckett has intentionally operated and/or manipulated Verity's books and records in such a manner so as to attempt to falsely make it appear as though Verity's profits decreased due to legitimate market forces.

120.    On information and belief, Verity was engaged in a lawsuit with its agent, Adam Weiss, seeking at least $85,000 in damages from Adam Weiss.

121.    On information and belief, the lawsuit was resolved in Verity's favor, but the proceeds from the settlement or judgment were misappropriated by Duckett for his own benefit and/or the benefit of Duckett LLC and/or the ABC Companies.

122.    On information and belief Duckett has embezzled and diverted more than $2.0 million to himself, Duckett, LLC and/or the ABC Companies. As of present day, Duckett has continued to withhold all profits from Philogene.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT DUCKETT LLC AND THE ABC COMPANIES

### (Tortious Interference with Contracts)

123.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

124.    The Operating Agreement, including the Restrictive Covenants in Section B.9., is a valid and binding contract between Plaintiffs and Duckett.

125.    Duckett LLC and/or the ABC Companies knew of the Operating Agreement and the Restrictive Covenants contained therein as a result of Duckett's membership in Verity.

126.    Duckett LLC and/or the ABC Companies intentionally, wrongfully, and without justification interfered with Plaintiffs' contractual relationship with Duckett and induced, produced, or caused Duckett to breach the Operating Agreement.

127.    As a result of Duckett's actions, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Tortious Interference with Prospective Business Relations)

128.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

129.    Verity had established business and prospective relationships with Simon & Schuster and with its customers

130.    Duckett LLC, Duckett and/or the ABC Companies were well-aware of these business relationships as a result of Duckett's membership in Verity

131.    Verity has lost business opportunities, including contracts with Simon & Schuster for the *America Most Wanted Books*, and customers and potential customers as a result of the wrongful conduct of Duckett LLC, Duckett and/or the ABC Companies.

132.    Duckett LLC, Duckett and/or the ABC Companies acted with malice and to inflict injury on Verity by unlawful means.

133.    But for the interference by Duckett LLC, Duckett and/or the ABC Companies, Verity would have been able to continue its business relationships with Simon & Schuster and its other customers.

134.    As a result of the wrongful conduct of Duckett LLC, Duckett and/or the ABC Companies, there was injury to Verity's business relationships.

135.    Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

136.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, are entitled to damages, including punitive damages, in an amount to be determined at trial, together interest, costs, and any other relief the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Conversion)

137.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

138.    Plaintiffs have possessory interests in the cash and assets, as described above.

139.     Duckett, Duckett LLC and/or the ABC Companies interfered with Plaintiffs' possessory interests in the cash and assets in derogation of Plaintiffs' rights, by transferring Plaintiffs' cash and assets to themselves or for their benefit as described above.

140.     Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

141.     Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, are entitled to damages, including punitive damages, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Unjust Enrichment)

142.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

143.     As set forth above, Duckett, Duckett LLC and/or the ABC Companies have engaged in improper, unlawful, and/or unjust acts, all to the harm and to the detriment of Plaintiffs.

144.     When Philogene agreed to become a member of Verity with Duckett, he did so under the reasonable belief that Duckett would operate in accordance with the Operating Agreement, would comply with the terms of the restrictive covenants and would distribute Verity's profits equally between Verity's members.

22

145.    Under the Operating Agreement, Plaintiffs made significant investments in the business and good will of Verity, as well as in promoting Duckett's authorship of recipe books.

146.    Duckett received the benefit of these investments through his interest in Verity.

147.    Despite these investments, Duckett, Duckett LLC and/or the ABC Companies, amongst other things, used Verity's confidential information and solicited Verity's clients.

148.    Duckett, Duckett LLC and/or the ABC Companies have also profited from wrongfully competing with Verity through their diversion and/or misappropriation of Verity's business.

149.    Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

150.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, are entitled to damages, including punitive damages, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Common Law Unfair Competition)

151.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

152.    Duckett, Duckett LLC and/or the ABC Companies exploited the confidential, private, and proprietary information of Verity – namely the customer and affiliate information maintained by Verity – to misappropriate Verity's customers and affiliates.

23

153.     Duckett, Duckett LLC and/or the ABC Companies unlawfully converted Verity's *America's Most Wanted Books* and its common law trademark AMERICA'S MOST WANTED RECIPES for their own use and profits.

154.     Verity invested substantial time, effort, and money to establish the misappropriated property, which includes the names, email addresses and other information of its customers and affiliates.

155.     Duckett, Duckett LLC and/or the ABC Companies misappropriated Verity's labor, skill, expenditures, and/or good will.

156.     Duckett, Duckett LLC and/or the ABC Companies acted in bad faith and maliciously.

157.     Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

158.     Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, are entitled to damages, including punitive damages and lost profits, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST**
**DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES**

**(Unfair Competition Under § 43 The Lanham Act, 15 U.S.C. § 1126(a))**

159.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

160.    Duckett, Duckett LLC and/or the ABC Companies exploited the confidential, private, and proprietary information of Verity – namely the customer and affiliate information maintained by Verity – to misappropriate Verity's customers and affiliates.

161.    Duckett, Duckett LLC and/or the ABC Companies unlawfully converted Verity's *America's Most Wanted Books* and its common law trademark AMERICA'S MOST WANTED RECIPES for their own use and profits and to sell in interstate commerce.

162.    Verity invested substantial time, effort, and money to establish the misappropriated property, which includes the names, email addresses and other information of its customers and affiliates.

163.    Duckett, Duckett LLC and/or the ABC Companies misappropriated Verity's labor, skill, expenditures, and/or good will.

164.    Duckett, Duckett LLC and/or the ABC Companies acted in bad faith and maliciously.

165.    Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

166.    Duckett, Duckett LLC and/or the ABC Companies have caused and continue to cause immediate and irreparable injury to Plaintiffs, including injury to Verity's business, reputation and goodwill, for which there is no adequate remedy at law.

167.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to damages, including recovery of defendants' gains, profits and advantages, costs of this

action, and punitive damages, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

168.    Duckett, Duckett LLC and/or the ABC Companies' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES**

**(Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*)**

169.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

170.    The first book in the series of *America's Most Wanted Books*, called *America's Most Wanted Recipes*, was authored by Duckett, then a member of Verity, as a work-for-hire for Verity.

171.    Accordingly, Verity owns all copyright interests in the *America's Most Wanted Books*.

172.    To ensure that Verity holds all copyright rights in the *America's Most Wanted Books* and any and all derivative works thereof, Duckett also formally transferred any and all copyright rights he may have had in the work to Verity by written agreement, and certified as such in the copyright registration application for the work, which registered the work under registration number TX0006985740.  *See* **Exhibit A**.

173.    Neither Verity nor Philogene has ever consented to, permitted, authorized, licensed or otherwise allowed Duckett, Duckett LLC and/or the ABC Companies to use, copy, reproduce or modify *America's Most Wanted Recipes.*

174.    Nonetheless, Duckett, Duckett LLC and/or the ABC Companies copied, reproduced and otherwise modified *America's Most Wanted Recipes* and unlawfully created derivative works thereof, which they sold for their own use and profits.

175.    Duckett, Duckett LLC and/or the ABC Companies willfully copied, reproduced and otherwise modified *America's Most Wanted Recipes* without Verity's authorization.

176.    Duckett, Duckett LLC and/or the ABC Companies improperly hold out the *America's Most Wanted Books* as their original works of authorship for their own benefit, most recently by entering into a contract with Simon & Schuster to publish *America's Most Wanted Recipes Kids' Menu* in 2015, unlawfully claiming that Ron Duckett LLC owns the copyright in the work.  *See* **Exhibit H**.

177.    Duckett, Duckett LLC and/or the ABC Companies have also improperly held out the *America's Most Wanted Books* as their original works of authorship for their own benefit, by entering into contract with Simon & Schuster to publish *America's Most Wanted Recipes At the Grill* in 2014, unlawfully claiming that RonDouglas.com owns the copyright in the work; and *America's Most Wanted Recipes Without The Guilt in 2011,* unlawfully claiming that Ron Duckett LLC owns the copyright in the work.  *See* **Exhibits F.**

178.    The unauthorized copying, reproduction, modification and distribution of each of the aforesaid mentioned books each separately and individually constitutes direct copyright infringement under 17 U.S.C. §§ 101, *et seq*.

179.    As a direct and proximate result of such wrongful conduct, Plaintiffs have suffered and continue to suffer substantial monetary damages.

180.    Duckett, Duckett LLC and/or the ABC Companies willfully infringed Verity's copyright in the *America's Most Wanted Books,* and as a result of their infringement, pursuant to

17 U.S.C. § 504, Plaintiffs are entitled to recover an award of damages under the U.S. Copyright Act, which includes actual damages and Duckett, Duckett LLC and/or the ABC Companies' profits or statutory damages for each act of copyright infringement.

181.    As a result of the infringement as outlined above, pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to recover from Duckett, Duckett LLC and/or the ABC Companies The full costs of this action together with Plaintiffs' reasonable attorneys' fees

182.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law.  Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, pursuant to 17 U.S.C. § 502, Duckett, Duckett LLC and/or the ABC Companies will continue to infringe Verity's rights in the *America's Most Wanted Books.*

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT SIMON & SCHUSTER

### (Direct Or Contributory Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*)

183.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

184.    The first book in the series of *America's Most Wanted Books*, called *America's Most Wanted Recipes*, was authored by Duckett, then a member of Verity, as a work-for-hire for Verity.

185.    Accordingly, Verity owns all copyright interests in the *America's Most Wanted Books*.

186.     To ensure that Verity holds all copyright rights in the *America's Most Wanted Books* and any and all derivative works thereof, Duckett also formally transferred any and all copyright rights he may have had in the work to Verity by written agreement, and certified as such in the copyright registration application for the work, which registered the work under registration number TX0006985740.  *See* **Exhibit A**.

187.     Simon & Schuster published *America's Most Wanted Recipes* and is listed as the contact for purposes of Rights and Permissions on the copyright registration for the book.

188.     Accordingly, Simon & Schuster knew or should have known that Verity is the copyright owner of the *America's Most Wanted Books*.

189.     Neither Verity nor Philogene has ever consented to, permitted, authorized, licensed or otherwise allowed Duckett, Duckett LLC and/or the ABC Companies to use, copy, reproduce or modify *America's Most Wanted Recipes.*

190.     Nonetheless, Simon & Schuster copied, reproduced and otherwise modified *America's Most Wanted Recipes* and unlawfully created derivative works thereof, which they sold for their own use and profits.

191.     Simon & Schuster willfully copied, reproduced and otherwise modified *America's Most Wanted Recipes* without Verity's authorization.

192.     Simon & Schuster entered into a contract with Duckett, Duckett LLC and/or ABC Companies to publish *America's Most Wanted Recipes Kids' Menu* in 2015 and in 2015, Simon & Schuster published, reproduced and otherwise disseminated reproductions of the book for profit, without authorization of Verity.  *See* **Exhibit H**.

193.     Simon & Schuster also entered into a contract with Duckett, Duckett LLC and/or ABC Companies to publish *America's Most Wanted Recipes At the Grill* in 2014, and in 2014,

Simon & Schuster published, reproduced and otherwise disseminated reproductions of the book for profit, without authorization of Verity; and entered into a contract with Duckett, Duckett LLC and/or ABC Companies to publish *America's Most Wanted Recipes Without The Guilt in 2011, and in 2011,* Simon & Schuster published, reproduced and otherwise disseminated reproductions of the book for profit, without authorization of Verity.  *See* **Exhibits F and G.**

194.    The unauthorized copying, reproduction, modification and distribution of each of the aforesaid mentioned books each separately and individually constitutes direct and/or contributory copyright infringement under 17 U.S.C. §§ 101, *et seq.*

195.    As a direct and proximate result of such wrongful conduct, Plaintiffs have suffered and continue to suffer substantial monetary damages.

196.    Simon & Schuster willfully infringed or contributorily infringed Verity's copyright in the *America's Most Wanted Books,* and as a result, pursuant to 17 U.S.C. § 504, Plaintiffs are entitled to recover an award of damages under the U.S. Copyright Act, which includes actual damages and Simon & Schuster's profits or statutory damages for each act of copyright infringement or contributory copyright infringement.

197.    Pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to recover from Simon & Schuster the full costs of this action together with Plaintiffs' reasonable attorneys' fees.

198.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law.  Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, pursuant to 17 U.S.C. § 502, Simon & Schuster will continue to infringe Verity's rights in the *America's Most Wanted Books.*

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST
## DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Misappropriation of Trade Secrets under New York Law)

199.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

200.    Verity's customer information, including email addresses and purchasing history, is confidential and proprietary information and trade secrets subject to the privileges and protection afforded by New York law.

201.    Verity's affiliate information, including email addresses, marketing strategies, affiliate marketing strategies, and sales history is confidential and proprietary information and trade secrets subject to the privileges and protection afforded by New York law.

202.    Such confidential and proprietary information and trade secrets at all times belonged to Verity.

203.    Verity has taken reasonable measures under the circumstances to maintain the secrecy of such confidential and proprietary information and trade secrets.

204.    By virtue of his membership in Verity, Duckett received, used, and had knowledge of and access to Verity's confidential and proprietary information and trade secrets.

205.    Verity's confidential and proprietary information and trade secrets have independent economic value and are not generally known to the public or readily ascertainable by persons other than Verity.

206.    Duckett, Duckett LLC and/or the ABC Companies have used, continue to use, and have threatened to use Verity's confidential and proprietary information and trade secrets, without authorization from Verity, for the benefit of Duckett, Duckett LLC and/or the ABC

Companies, including, but not limited to, soliciting and diverting Verity's business to Duckett LLC and/or the ABC Companies.

207.    Such actions and threatened actions of Duckett, Duckett LLC and/or the ABC Companies constitute a theft of Verity's confidential and proprietary information and trade secrets.

208.    Duckett, Duckett LLC and/or the ABC Companies' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

209.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, Duckett LLC and/or the ABC Companies, and, as such, are entitled to damages, including punitive damages and lost profits, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANTS DUCKETT, DUCKETT LLC AND THE ABC COMPANIES

### (Common Law Trademark Infringement)

210.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

211.    Verity also has been the lawful holder of the common law trademark rights in the mark AMERICA'S MOST WANTED RECIPES for books providing "secret" recipes of foods from fast-food, chain and otherwise well-known restaurants throughout the U.S. since at least 2002 where the mark was marketed, in part, through the website associated with the domain name www.4ltd.com.

212.    The common law trademark, AMERICA'S MOST WANTED RECIPES, has acquired a significant degree of consumer recognition, and thus, has acquired secondary meaning.

213.    Duckett, Duckett LLC and/or the ABC Companies have been and are continuing to infringe Verity's common law trademark rights in AMERICA'S MOST WANTED RECIPES by using in commerce book titles that are confusingly similar to Verity's distinct common law trademark, such as AMERICA'S MOST WANTED RECIPES KIDS' MENU, AMERICA'S MOST WANTED RECIPES AT THE GRILL, and AMERICA'S MOST WANTED RECIPES WITHOUT THE GUILT.

214.    Duckett, Duckett LLC and/or the ABC Companies' unauthorized use of the aforesaid marks are likely to cause confusion, mistake and to deceive the public as to the approval, sponsorship, license, source or origin of Verity's products.

215.    Duckett, Duckett LLC and/or the ABC Companies' unauthorized use of confusingly similar marks has been willful and deliberate and designed to trade on Verity's goodwill associated with the mark, and Duckett, Duckett LLC and/or the ABC Companies have profited and been unjustly enriched, and will continue to be so, by sales that they would not otherwise have made but for their unlawful conduct.

216.    Duckett, Duckett LLC and/or the ABC Companies' acts described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Verity's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST
## DEFENDANT SIMON & SCHUSTER

### (Direct and/or Contributory Common Law Trademark Infringement)

217.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

218.    Verity also has been the lawful holder of the common law trademark rights in the mark AMERICA'S MOST WANTED RECIPES for books providing "secret" recipes of foods from fast-food, chain and otherwise well-known restaurants throughout the U.S. since at least 2002 where the mark was marketed in part through the website under the domain name www.4ltd.com.

219.    The common law trademark, AMERICA'S MOST WANTED RECIPES, has acquired a significant degree of consumer recognition, and thus, has acquired secondary meaning.

220.    Simon & Schuster, which published the *America's Most Wanted Books,* including those using the aforementioned infringing common law trademarks without Verity's authorization knew or should have known the marks were likely to be confused with Verity's common law mark, AMERICA'S MOST WANTED RECIPES.

221.    Simon & Schuster's unauthorized use of the aforesaid marks are likely to cause confusion, mistake and to deceive the public as to the approval, sponsorship, license, source or origin of Verity's products.

222.    Simon & Schuster's unauthorized use of confusingly similar marks has been willful and deliberate and designed to trade on Verity's goodwill associated with the mark, and

Simon & Schuster has profited and been unjustly enriched, and will continue to be so, by sales that it would not otherwise have made but for its unlawful conduct.

223.    Simon & Schuster's acts described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Verity's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANTS DUCKETT, DUCKETT LLC, THE ABC COMPANIES AND SIMON & SCHUSTER

### (Deceptive Acts and Practices Under New York Gen. Bus. Law §§ 349-350)

224.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

225.    This claim is for deceptive acts and practices under New York General Business Law Sections 349 and 350, et seq.

226.    The conduct of Defendants Duckett, Duckett LLC, the ABC Companies and Simon & Schuster, as described above, constitutes deceptive acts and practices in violation of said statute.

227.    The conduct of Defendants Duckett, Duckett LLC, the ABC Companies and Simon & Schuster was consumer-oriented, as its infringing acts were intended to sell the *America's Most Wanted Books* to the general public through interstate commerce and damaged the public interest.

228.    Defendants' unlawful conduct has been willful and deliberate, and Defendants have profited and been unjustly enriched as a result of their unlawful conduct.

229.    Defendants' intentional and wrongful acts described above have caused Plaintiffs' injury and damages, and have caused irreparable injury to Plaintiffs' goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiffs have no adequate remedy at law.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### AGAINST DEFENDANT DUCKETT

### (Breach of Fiduciary Duty)

230.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

231.    In the role of an equal member in Verity, Duckett owed Plaintiffs a fiduciary duty of undivided loyalty, good faith and due diligence.

232.    Duckett has failed to act as a fiduciary. Rather, he has acted to inflict damage on Plaintiffs by, among other things, (i) neglecting his duties to Plaintiffs, (ii) failing to honor the terms of the Operating Agreement, (iii) expropriating Verity's business opportunities, (iv) retaining and using confidential and proprietary customer and affiliate information belonging to Verity for the benefit of Duckett LLC and/or the ABC Companies; and (v) has used and threatened to use Verity's confidential and proprietary information and trade secrets for the benefit of Duckett LLC and/or the ABC Companies.

233.    Duckett's wrongful neglect of his obligations, has caused Plaintiffs to suffer damages in the form of substantial lost profits and income which would have been generated by Verity had Duckett fulfilled his obligations.

234.    Duckett's misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

235.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, and, as such, are entitled to damages, including punitive damages, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION
AGAINST DEFENDANT DUCKETT**

**(Breach of Contract)**

236.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

237.    The Operating Agreement, including the Restrictive Covenants contained in Section B.9., is a valid and binding contract between Plaintiffs and Duckett.

238.    Duckett has breached the Operating Agreement, including the Restrictive Covenants therein.

239.    Plaintiffs have suffered injury as a result of the wrongful acts of Duckett, and, as such, are entitled to damages in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION
AGAINST DEFENDANT DUCKETT**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

240.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

241.    By virtue of the Operating Agreement, including the Restrictive Covenants, Plaintiffs had a reasonable, justifiable, and rightful expectation that Duckett would perform his obligations under the Agreement in an ethical, professional, and competent manner.

37

242.    Duckett knowingly and purposely failed to perform his obligations in good faith by engaging in deceptive, evasive and unscrupulous behavior in connection with assuming Philogene's identity, locking Philogene out of Verity bank accounts, PayPal accounts and websites, preventing Philogene from accessing all books and records of Verity, filing tax returns on behalf of Verity containing false information, misappropriating the Escrow Account, on information and belief, misappropriating the proceeds from the lawsuit involving Adam Weiss, soliciting Verity's clients, using and disclosing Verity's confidential information, and otherwise wrongfully competing with Verity.

243.    As such, Duckett failed to use reasonable, good faith efforts in advancing the legitimate business interests and goodwill of Verity and destroyed and/or injured Verity's right to receive the benefits of the Operating Agreement.

244.    Instead, Duckett's course of conduct constituted an attempt to sabotage the business and good will of Verity as well as its relationships with Simon & Schuster and Verity's customers and affiliates to the benefit of Duckett, Duckett LLC and/or the ABC Companies.

245.    Thus, in addition to breaching his express obligations under the Operating Agreement, Duckett has intentionally and deliberately acted and proceeded in bad faith, and has breached his covenant of good faith and fair dealing owed to Plaintiffs.

246.    Plaintiffs have suffered injury as a result of Duckett's breach of the implied covenant of good faith and fair dealing, and, as such, are entitled to damages in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper

**AS AND FOR A SIXTEENTH CAUSE OF ACTION
AGAINST DEFENDANT DUCKETT**

**(Accounting)**

247.   Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

248.   The Operating Agreement provides, in part, that:

2. Records

The LLC shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the LLC's financial transactions. . . . <u>Any member may inspect any and all records maintained by the LLC upon reasonable notice to the LLC. Copying of the LLC's records by members is allowed, but copying costs shall be paid for by the requesting member.</u>

*Operating Agreement attached hereto as* **Exhibit B** *at Section G.2. (emphasis added).*

249.   Pursuant to the Operating Agreement, Philogene demanded full and complete access during reasonable business hours to all records and books of account of Verity.

250.   Duckett has failed to provide complete access to the records and books of account of Verity.

251.   Philogene is entitled to an order compelling an accounting of the books and records of Verity by an accountant of Philogene's choosing.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION
AGAINST DEFENDANT DUCKETT**

**(Receivership)**

252.   Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

253.   Philogene has a fifty percent (50%) interest in Verity.

39

254.    At all times herein mentioned, Duckett was, and is, in complete control and management of Verity.

255.    Duckett was, and is, using property, including funds of Verity for his own benefit and to further his own agenda, other than for the exclusive and sole benefit of Verity's members to whom he owes a fiduciary duty.

256.    Unless a receiver is appointed by this Court, the assets of Verity, including the Escrow Account, are at risk to be lost in that Duckett will continue to use the funds of Verity for his own benefit and to further his own agenda, rather than for the exclusive and sole benefit of Verity and its members, rendering such funds subject to dissipation.

257.    Philogene is entitled to an order appointing him as receiver to take over the management and control of Verity.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

### (Aiding and Abetting)

258.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

259.    As set forth above, Duckett, Duckett LLC and/or the ABC Companies have engaged in tortious acts, including the conversion of Plaintiff's property and misappropriation of Plaintiff's trade secrets and business opportunities.

260.    Defendants, including Defendants Mark Brown, Ideal Tax Solutions, LLC and upon information and belief Defendant Eric Weinstein, were aware of the tortious acts.

40

261.     Defendants, including Defendants Mark Brown, Ideal Tax Solutions, LLC and upon information and belief Defendant Eric Weinstein, aided and abetted the commission of the tortious acts.

262.     Defendants' misconduct demonstrates a high degree of moral turpitude and wanton dishonesty which entitles Plaintiffs to recover punitive damages.

263.     Plaintiffs have suffered injury as a result of the wrongful acts of Defendants, and, as such, are entitled to damages, including punitive damages, in an amount to be determined at trial, together with interest, costs, and any other relief the Court deems just and proper.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
## AGAINST DUCKETT, AND THE ABC COMPANIES

### (Violation of 18 U.S.C. § 1962(c) and (d) (RICO))

264.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein

265.     18 U.S.C. § 1962(c) and (d) make it unlawful for any person employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

266.     Duckett, and the ABC Companies are persons within the meaning of 18 U.S.C. § 1961(3).

267.     In violation of 18 U.S.C. §1962(c) and (d), Duckett, and the ABC Companies associated with Duckett LLC (the "Enterprise"), engaged in and conducted activities that affected interstate and foreign commerce.

268.     Duckett and the ABC Companies conducted and participated in the conduct of the affairs of the Enterprise and played a role in the management and operation of the Enterprise through a pattern of racketeering activities, which included, but were not limited to mail fraud and wire fraud.

269.     This pattern of racketeering is evidenced by certain illegal acts, defined as predicate acts of RICO liability under 18 U.S.C. § 1961, including, but not limited to, the following:

(a) Wire fraud, as described in 18 U.S.C. § 1343, in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance where Duckett and the ABC Companies sent a fabricated sham invoice in the name of "rondouglas.com" and causing Verity to pay monies listed on the Sham Invoice to Duckett from Verity's Escrow account, wire-transferred or caused to be wire-transferred both false business records, including false tax records, and proceeds to avoid causing red flags with the IRS;

(b) Mail fraud, as described in 18 U.S.C. § 1341 in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on multiple occasions from, on information and belief, Duckett and the ABC Companies used United States mail to send false tax and other business records to the IRS;

(c) Transporting, transmitting or transferring in interstate or foreign commerce stolen money, as described in 18 U.S.C. § 2314, in that for the purpose of executing

Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance, where Duckett and the ABC Companies transferred or caused to be transferred in interstate and/or foreign commerce Verity's assets and/or money to avoid causing red flags with the IRS, knowing the funds to have been stolen, converted and taken by fraud.

270.     The above-mentioned predicate acts of racketeering activity conducted by Duckett and the ABC Companies through the Enterprise caused Plaintiffs a loss of monies and for Philogene to be wrongfully targeted by the IRS for "missing income" from his personal tax returns. The Enterprise was illicitly enriched by receipt of monies stolen from Plaintiffs.

271.     By reason of the aforesaid violations of 18 U.S.C. § 1962(c) and (d), Plaintiffs have suffered the loss of monies and will be unable to recover the full amount of the losses incurred as a result of the Enterprise having wrongfully dissipated assets, and also has suffered other consequential, incidental and special damages.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
## AGAINST DUCKETT AND THE ABC COMPANIES

### (Violation of 18 U.S.C. § 1962(a) and (d) (RICO))

272.     Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

273.     18 U.S.C. § 1962(a) and (d) make it unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal to use or invest, directly  or indirectly, any part of such income or the proceeds of such income, in

acquisition of any interest in, or the establishment or operation of, any enterprise that is engaged in, or the activities of which affect, interstate or foreign commerce..

274.    Duckett and the ABC Companies are persons within the meaning of 18 U.S.C. § 1961(3).

275.    In violation of 18 U.S.C. §1962(a) and (d), Duckett and the ABC Companies associated with the Enterprise received income derived from a pattern of racketeering activity or through collection of an unlawful debt, which affected interstate and foreign commerce.

276.    Duckett and the ABC Companies used or invested any part of such income or proceeds of such income in acquiring any interest in or establishment or operation of the Enterprise through a pattern of racketeering activities, which included, but were not limited to mail fraud and wire fraud.

277.    This pattern of racketeering is evidenced by certain illegal acts, defined as predicate acts of RICO liability under 18 U.S.C. § 1961, including, but not limited to, the following:

(a) Wire fraud, as described in 18 U.S.C. § 1343, in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance where Duckett and the ABC Companies sent a fabricated sham invoice in the name of "rondouglas.com" and causing Verity to pay monies listed on the Sham Invoice to Duckett from Verity's Escrow account, wire-transferred or caused to be wire-transferred both false business records, including false tax records, and proceeds to avoid causing red flags with the IRS;

44

(b) Mail fraud, as described in 18 U.S.C. § 1341 in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on multiple occasions from, on information and belief, Duckett and the ABC Companies used United States mail to send false tax and other business records to the IRS;

(c) Transporting, transmitting or transferring in interstate or foreign commerce stolen money, as described in 18 U.S.C. § 2314, in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance, where Duckett and the ABC Companies transferred or caused to be transferred in interstate and/or foreign commerce Verity's assets and/or money to avoid causing red flags with the IRS, knowing the funds to have been stolen, converted and taken by fraud.

278.    The above-mentioned predicate acts of racketeering activity conducted by Duckett and the ABC Companies through the Enterprise caused Plaintiffs a loss of monies and for Philogene to be wrongfully targeted by the IRS for "missing income" from his personal tax returns. The Enterprise was illicitly enriched by receipt of monies stolen from Plaintiffs.

279.    By reason of the aforesaid violations of 18 U.S.C. § 1962(a) and (d), Plaintiffs have suffered the loss of monies and will be unable to recover the full amount of the losses incurred as a result of the Enterprise having wrongfully dissipated assets, and also has suffered other consequential, incidental and special damages.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## AGAINST DUCKETT AND THE ABC COMPANIES

### (Violation of 18 U.S.C. § 1962(b) and (d) (RICO))

280.    Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

281.    18 U.S.C. § 1962(b) and (d) make it unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest or control of any enterprise that is engaged in, or the activities of that affect, interstate or foreign commerce.

282.    Duckett and the ABC Companies are persons within the meaning of 18 U.S.C. § 1961(3).

283.    In violation of 18 U.S.C. §1962(b) and (d), Duckett and the ABC Companies associated with the Enterprise, which affected interstate and foreign commerce.

284.    Duckett and the ABC Companies conducted and participated in the conduct of the affairs of the Enterprise and played a role in the management and operation of the Enterprise through a pattern of racketeering activities, which included, but were not limited to mail fraud and wire fraud.

285.    This pattern of racketeering is evidenced by certain illegal acts, defined as predicate acts of RICO liability under 18 U.S.C. § 1961, including, but not limited to, the following:

(a) Wire fraud, as described in 18 U.S.C. § 1343, in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain

46

money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance where Duckett and the ABC Companies sent a fabricated sham invoice in the name of "rondouglas.com" and causing Verity to pay monies listed on the Sham Invoice to Duckett from Verity's Escrow account, wire-transferred or caused to be wire-transferred both false business records, including false tax records, and proceeds to avoid causing red flags with the IRS;

(b) Mail fraud, as described in 18 U.S.C. § 1341 in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on multiple occasions from, on information and belief, Duckett and the ABC Companies used United States mail to send false tax and other business records to the IRS;

(c) Transporting, transmitting or transferring in interstate or foreign commerce stolen money, as described in 18 U.S.C. § 2314, in that for the purpose of executing Duckett and the ABC Companies' scheme and artifice to defraud Plaintiffs, and to obtain money by means of false and fraudulent pretenses, misrepresentations and promises, on at least one instance, where Duckett and the ABC Companies transferred or caused to be transferred in interstate and/or foreign commerce Verity's assets and/or money to avoid causing red flags with the IRS, knowing the funds to have been stolen, converted and taken by fraud.

286.    The above-mentioned predicate acts of racketeering activity conducted by Duckett and the ABC Companies through the Enterprise caused Plaintiffs a loss of monies and

for Philogene to be wrongfully targeted by the IRS for "missing income" from his personal tax returns. The Enterprise was illicitly enriched by receipt of monies stolen from Plaintiffs.

287.    By reason of the aforesaid violations of 18 U.S.C. § 1962(b) and (d), Plaintiffs have suffered the loss of monies and will be unable to recover the full amount of the losses incurred as a result of the Enterprise having wrongfully dissipated assets, and also has suffered other consequential, incidental and special damages.

**WHEREFORE**, Philogene and Verity respectfully requests judgment against Defendants as follows:

a) Granting Plaintiffs injunctive relief, including appointing Philogene as Verity's receiver and providing Philogene with unfettered access to all of Verity's bank accounts and all books and records of Verity;

b) Ordering Defendant Duckett to return the money taken from Verity's escrow account;

c) Awarding Plaintiffs actual, compensatory and consequential damages;

d) Awarding Plaintiffs punitive damages;

e) Awarding Plaintiffs treble damages and profits under the Lanham Act and RICO;

f) Awarding Plaintiffs exemplary damages and attorneys' fees under the Lanham Act, the U.S. Copyright Act and RICO;

g) Awarding Plaintiffs statutory or actual damages under the U.S. Copyright Act;

h) Ordering Defendants to return Plaintiffs' confidential information, if any;

i) Awarding Plaintiffs its attorneys' fees, costs, and disbursements; and,

j) Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: September 22, 2017

By: s/ Gregory D. Miller

RIVKIN RADLER LLP
Gregory D. Miller
gregory.miller@rivkin.com
Michael J. Jones
michael.jones@rivkin.com
Nancy A. Del Pizzo
nancy.delpizzo@rivkin.com
21 Main Street, Suite 158
Court Plaza South, West Wing
Hackensack, New Jersey  07601
P: (201) 287-2460
F: (201) 489-0495

-and-

477 Madison Avenue
New York, New York 10022
P: (212) 455-9555
F: (212) 687-9044

-and-

THE JEAN LAW FIRM
Sidney R. Jean
Sidney.jean@jeanlawfirm.com
4 Marshall Road, Suite 206
Wappingers Falls, New York 12590
P: (845) 202-7033'
F: (888) 287-4017

*Attorneys for Plaintiffs Guy-Michel Philogene and Guy-Michel Philogene, a member of Verity Associates, LLC, derivatively on behalf and in the right of Verity Associates LLC*